IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, XL SPECIALTY INSURANCE COMPANY, NATIONAL SPECIALTY INSURANCE COMPANY, U.S. SPECIALTY INSURANCE COMPANY, AXIS INSURANCE COMPANY, and ST. PAUL MERCURY INSURANCE COMPANY, | §§§§§§§§§§§ | No. 96, 2021<br><br>Court Below–Superior Court of the State of Delaware<br><br>C.A. No. N18C-08-086 (CCLD) |
| Defendants Below, Appellants, | §§§§ | |
| v. | §§ | |
| VERIZON COMMUNICATIONS INC., NYNEX LLC, VERIZON NEW ENGLAND INC., VERIZON INFORMATION TECHNOLOGIES LLC, | §§§§§§§ | |
| Plaintiffs Below, Appellees. | §§§ | |

Submitted: March 24, 2021
Decided: April 5, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the notice of interlocutory appeal and its exhibits, it appears to the Court that:

(1)     This appeal arises from an insurance-coverage dispute.  The appellees, Verizon Communications Inc., NYNEX LLC, Verizon New England Inc., and Verizon Information Technologies LLC (together, "Verizon") filed suit in the Superior Court against National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), XL Specialty Insurance Company ("XL"), National Specialty Insurance Company ("National"), U.S. Specialty Insurance Company ("U.S. Specialty"), AXIS Insurance Company ("AXIS"), and St. Paul Mercury Insurance Company ("St. Paul") (together, "the Insurers") alleging that the Insurers had wrongfully denied Verizon coverage for defense and settlement costs incurred in an underlying fraudulent transfer action ("the *FairPoint* Action").  The *FairPoint* Action arose from a 2008 transaction in which, in exchange for debt notes, Verizon transferred certain assets to a subsidiary, which was then acquired by FairPoint Communications, Inc. ("FairPoint").  After FairPoint entered bankruptcy, the appointed litigation trustee ("the Trustee") initiated the FairPoint Action.

(2)     Verizon sought coverage under two insurance policies: (i) a primary policy issued by National Union for the policy period from March 31, 2008, to March 31, 2014, as well as excess policies issued by XL and National that follow form to and incorporate the terms of National Union's primary policy (together, "the FairPoint Policies"), and (ii) a primary policy issued by National Union for the policy period from October 31, 2009, to October 31, 2010, as well as excess policies

2

issued by U.S. Specialty, AXIS, and St. Paul that follow form to and incorporate the terms of National Union's primary policy (together, "the Verizon Policies"). The FairPoint Policies and the Verizon Policies provide coverage for "securities claims," defined in relevant part as claims "brought derivatively on behalf of an Organization by a security holder of such Organization." Verizon moved for partial summary judgment, and the Insurers moved for judgment on the pleadings: Verizon maintained that the FairPoint Action fit the definition of a securities claim; the Insurers argued that it did not.

(3) On February 23, 2021, the Superior Court issued an opinion granting Verizon's motion for partial summary judgment and denying the Insurers' motion for judgment on the pleadings ("the Opinion").[1] The Opinion held that, under its plain language, the FairPoint Policies covered the *FairPoint* Action as a securities claim. The Superior Court also found that Verizon's defense costs were reasonable as a matter of law and covered under the FairPoint Policies.

(4) On March 5, 2021, the Insurers asked the Superior Court to certify an interlocutory appeal from the Opinion under Supreme Court Rule 42. The Insurers maintained that the Opinion decided several "substantial issues"[2] because reversal of the Opinion could terminate the litigation in whole or in part. The Insurers also

---

[1] *Verizon Commc'n Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2021 WL 710816 (Del. Super. Ct. Feb. 23, 2021).
[2] Del. Supr. Ct. R. 42(b)(i).

3

argued that the Opinion conflicts with other trial court decisions[3] because the Superior Court improperly: (i) found that the Trustee's fraudulent-transfer claims were derivative by focusing its analysis on the theory of liability, not the nature of the injury; (ii) equated the estate and the debtor in its reasoning; and (iii) found that the Insurers had waived their challenge to the reasonableness of defense fees. The Insurers also averred that interlocutory review could terminate the litigation[4] and would serve the interests of justice.[5] Verizon opposed the application.

(5) The Superior Court denied the application for certification.[6] As an initial matter, the Superior Court noted that a decision involving contract interpretation is not generally the type of undertaking worthy of interlocutory review. Nevertheless, because the Opinion granted summary judgment in favor of Verizon on several dispositive issues, the Superior Court considered the Rule 42(b)(iii) factors. The Superior Court concluded that the Opinion does not conflict with other trial court decisions. Although the Superior Court agreed that Delaware courts look to the nature of the wrong—and to whom relief should flow—to determine whether a claim is derivative in the stockholder context, the claim here was brought by a bankruptcy trustee on behalf of a debtor's estate. Accordingly, the

---

[3] Del. Supr. Ct. R. 42(b)(iii)(B).
[4] Del. Supr. Ct. R. 42(b)(iii)(G).
[5] Del. Supr. Ct. R. 42(b)(iii)(H).
[6] *Verizon Commc'n Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2021 WL 1016445 (Del. Super. Ct. Mar. 16, 2021).

4

Superior Court concluded that it had properly applied precedent related to claims brought by bankruptcy trustees to determine that the Trustee's claim was derivative. Distinguishing the case law cited by the Insurers, the Superior Court also disagreed with the Insurers' claim that the Opinion conflicts with federal bankruptcy decisions. Finally, the Superior Court disagreed with the Insurers' argument that the Opinion's holding that the Insurers had waived their defense to the reasonableness of fees conflicted with other trial court decisions.

(6) Next, the Superior Court rejected the notion that interlocutory review could terminate the litigation, noting that no issue raised by the Insurers would necessarily terminate the litigation in its entirety: (i) Verizon's motion concerned only the FairPoint Policies; (ii) the Insurers' motion concerned only the Verizon Policies; and (iii) if the appeal were successful with respect to the reasonableness of defense costs, it would lead to protracted litigation regarding Verizon's counsel's invoices. The Superior Court also jettisoned the Insurers' position that the considerations-of-justice factor weighed in favor of certification: (i) there is no indication that reversal of any single issue would terminate the litigation; (ii) the amount in controversy, standing alone, does not satisfy the considerations-of-justice standard; and (iii) the Insurers will not suffer any irreversible hardship if they must wait until after trial to appeal the Opinion. As a final matter, the court opined that certification would not promote the most efficient and fair means to resolve the

5

litigation. We agree with the Superior Court that interlocutory review is not warranted in this case.

(7) Applications for interlocutory review are addressed to the sound discretion of the Court.[7] In the exercise of its discretion and giving great weight to the Superior Court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[9]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[7] Del. Supr. Ct. R. 42(d)(v).
[8] Del. Supr. Ct. R. 42(b)(ii).
[9] Del. Supr. Ct. R. 42(b)(iii).

6